DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Mary Ellis Spigiel, appeals from the judgment of the Lorain County Court of Common Pleas which awarded Appellee, Laura Sokol, damages in the amount of $20,000. This Court affirms.
 I. {¶ 2} Appellee was injured when she was involved in an automobile accident with Appellant. After unsuccessfully attempting to resolve her claim with Appellant's insurance carrier, Appellee filed a complaint on December 1, 2004. On December 16, 2004, the trial court's docket reflects that a summons and copy of the complaint were sent via certified mail to Appellant. The next entry in the court's docket, entered on June 27, 2005, reflects that service was properly completed on Appellant on December 27, 2004.
 {¶ 3} On July 1, 2005, the trial court issued an order noting that the case would be dismissed for lack of prosecution. As a result, Appellee filed a motion for default judgment on July 7, 2005. On July 19, 2005, Appellant filed a motion in opposition to Appellee's motion for default judgment and filed a motion to file her answer instanter. The trial court found Appellant's motion to file her answer instanter unpersuasive, granted Appellee's motion for default judgment, and set the matter for a damages-only hearing. At the hearing, Appellee testified regarding her injuries and her medical bills. Thereafter, the trial court entered judgment in Appellee's favor in the amount of $20,000. Appellant timely appealed the trial court's judgment, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT WHEN IT DENIED APPELLANT'S MOTION FOR LEAVE TO FILE HER ANSWER INSTANTER BECAUSE THE DELAY IN FILING WAS NOT CAUSED BY ANY INATTENTION OR NEGLECT BY APPELLANT OR HER COUNSEL, BUT INSTEAD BY THE ERROR ON THE COURT'S OWN DOCKET."
 {¶ 4} In her first assignment of error, Appellant asserts that the trial court erred when it refused to grant her motion to file her answer instanter. This Court disagrees.
 {¶ 5} Civ.R. 6(B)(2) provides that "[w]hen by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]" A Civ.R. 6(B)(2) determination lies within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. Miller v. Lint (1980), 62 Ohio St.2d 209,2132-14. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 6} Initially, we note that "there is a presumption of proper service in cases where the Civil Rules on service are followed. However, this presumption is rebuttable by sufficient evidence." Rafalski v. Oates (1984), 17 Ohio App.3d 65, 66, citing Grant v. Ivy (1980), 69 Ohio App.2d 40. In the instant matter, it is undisputed that Appellee followed the civil rules and that the clerk of courts properly sent a copy of the complaint to Appellant via certified mail. See Civ.R. 4.1(A). Accordingly, a rebuttable presumption arose that service was proper. Furthermore, Appellant's counsel conceded that she was properly served and, although not docketed until June 27, 2005, the record reflects that Appellant was properly served. Accordingly, Appellant has failed to rebut the presumption of proper service.
 {¶ 7} Additionally, Appellant has argued that she demonstrated excusable neglect for her delay in filing in an answer. This Court disagrees.
 {¶ 8} In determining whether neglect is excusable or inexcusable, this Court must take into consideration all the surrounding facts and circumstances, and must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds. Marion ProductionCredit Assn. v. Cochran (1988), 40 Ohio St.3d 265, 271. "Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)." State ex rel.Lindenschmidt v. Butler Cty. Bd. of Commrs. (1990),72 Ohio St.3d 464, 466.
 {¶ 9} In support of her argument, Appellant asserts that her counsel and his staff diligently checked the Lorain County Court of Common Pleas online docket for updates in the instant matter. In her brief, Appellant asserts that "it is the custom and practice of counsel's office to verify service, because the lay adjusters and clients are not educated on the specific requirements of the rules governing service." Appellant continues, arguing that since the online docket did not reflect a signed return receipt, she was not obligated to file an answer. We disagree.
 {¶ 10} In her brief, Appellant has cited no authority and this Court has found no authority for the proposition that service is not complete until the clerk of courts dockets the return receipt from certified mail. Furthermore, we find that Civ.R. 4.6 supports a finding that, absent an entry by the trial court that certified mail was refused or unclaimed, service is complete when the pleading and summons are mailed. Pursuant to Civ.R. 4.6(D), if certified mail is returned unclaimed, the clerk of court is permitted to complete service by ordinary mailing and to produce a certificate of mailing stating the day the pleadings were placed in the mail. "Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing." Civ.R. 4.6(D). This Court can find no rationale for placing Appellee in a less desirable position than set forth in the rules, waiting for the return receipt to be received and journalized by the clerk of courts, when certified mail has been accepted. Civ.R. 12(A) requires a defendant to "serve his answer with twenty-eight days after service of the summons and complaint upon him [.]" No provision in the civil rules tolls this time frame pending the clerk of courts entry pursuant to Civ.R. 4.1(A) acknowledging that a return receipt was received by the trial court.
 {¶ 11} The facts before this Court are undisputed. On December 16, 2004, the trial court placed an entry in the record indicating that the complaint had been forwarded to Appellant via certified mail. Appellant signed for the complaint on December 27, 2004. During Appellee's hearing on damages, Appellant's counsel conceded that his office had received the complaint from Appellant at the beginning of January of 2005. Appellant, however, did not attempt to file a responsive pleading until July 19, 2005. As noted above, while the trial court's docket did not timely indicate that a return receipt was received by the court, such an entry does not, in any manner, effect the twenty-eight day time period prescribed by Civ.R. 12(A). Accordingly, this Court cannot say that the trial court acted unreasonably or arbitrarily in finding that Appellant had not demonstrated excusable neglect for her untimely filing. Appellant's first assignment of error, therefore, is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT AWARDED JUDGMENT FOR APPELLEE IN THE AMOUNT OF $20,000 WHEN THERE WAS NO COMPETENT EXPERT TESTIMONY THAT ALL OF THE CLAIMED TREATMENT 
EXPENSE WAS REQUIRED AS A DIRECT AND PROXIMATE RESULT OF THE ACCIDENT AT ISSUE, AND NOT FROM [APPELLEE'S] UNDERLYING CONDITION."
 {¶ 12} In her second assignment of error, Appellant contends that the trial court erred in awarding Appellee damages in the amount of $20,000 without competent medical testimony which established the cause of Appellee's injuries. We disagree.
 {¶ 13} Appellant does not contest that Appellee suffered $20,000 in damages. Rather, Appellant asserts that Appellee produced insufficient evidence to prove that Appellant's action was the proximate cause of the full amount of damages. In support, Appellant relies upon Darnell v. Eastman (1970),23 Ohio St.2d 13, wherein the Ohio Supreme Court held:
"Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration of the jury." Id. at syllabus.
Appellant's reliance on Darnell, however, is misplaced. Unlike the jury trial held in Darnell, the instant matter was decided through default judgment.
 {¶ 14} Civ.R. 8(D) provides as follows:
"Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."
In her complaint, Appellee alleged that Appellant's action was the proximate cause of her injuries. When Appellant failed to file a responsive pleading, those allegations were admitted as true. Furthermore, based upon Civ.R. 55, the trial court properly granted default judgment once Appellant failed to plead or otherwise defend the action below and Appellee properly moved for default judgment. "Once a default judgment has been entered, the only remaining triable issue is the amount of damages." Girardv. Leatherworks Partnership, 11th Dist. No. 2004-T-0010,2005-Ohio-4779, at ¶ 38. The rationale espoused in Darnell,
therefore, is inapplicable to a matter that has been decided by default judgment.
 {¶ 15} Accordingly, the issue of proximate cause was not before the trial court during its "damages-only" hearing. The trial court, therefore, did not err when it failed to require expert testimony on causation. Appellant's failure to respond to the complaint in a timely manner established such causation. Appellant's second assignment of error is overruled.
 III. {¶ 16} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J., Boyle, J., concur.