[Cite as *Lester v. Chivington*, 2015-Ohio-5446.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

ADAM LESTER,

    PLAINTIFF-APPELLEE,

                          CASE NO.  9-15-21

    v.

LU CHIVINGTON, ET AL.,

    DEFENDANTS-APPELLANTS,
    -and-                        O P I N I O N

CITIBANK, N.A.,

    DEFENDANT-APPELLEE.

**Appeal from Marion County Common Pleas Court
Trial Court No. 14-CV-494**

**Judgment Affirmed**

**Date of Decision:  December 28, 2015**

APPEARANCES:

    *Kevin P. Collins*  for Appellants

Case No. 9-15-21

**SHAW, J.**

{¶1} Defendants-appellants, Lu Chivington and Coldwell Banker, appeal the April 22, 2015 judgment of the Marion County Court of Common Pleas granting the Motion for Default Judgment filed by plaintiff-appellee, Adam Lester, and awarding Lester damages arising from a real estate sale. Chivington assigns as error the trial court's decision to deny her Motion for Leave to File Answer Instanter and to grant judgment and award Lester $12,500.00 plus statutory interest.[1]

### Facts and Procedural History

{¶2} On October 6, 2014, Lester filed a complaint naming Chivington, Coldwell Banker, and Citibank, N.A. as defendants. The complaint alleged the following: Citibank was the seller of real property located at 465 Hartford Street in Marion, Ohio. Citibank engaged Chivington, a licensed real estate broker associated with Coldwell Banker, to sell the premises. The listing on the Multiple Listing Service ("MLS") expressly stated that the property had a "Two Car, Attached" garage and further stated "Wait until you see the garage. Its [sic] huge!!" The listing also included a photograph of the garage and listed the sale price as $15,000.00.

---

[1] Although the notice of appeal includes both Chivington and Coldwell Banker as appealing parties, the brief and assignments of error only pertain to Chivington. Therefore, we will only address the issues on appeal as they relate to Chivington.

-2-

{¶3} In July of 2013, Lester entered into a contract to purchase the property for the full purchase price. The closing took place on August 2, 2013. After the transaction was completed, Lester learned that the garage was not included in the purchase. Lester claimed he was induced into purchasing the property based upon the defendants' representations about the garage. He further claimed that throughout the negotiation and closing of the transaction, the defendants never disclosed to him that the garage was not part of the sale.

{¶4} Lester maintained that the defendants' actions were the proximate cause of his damages and asserted three claims against the defendants collectively: (1) Fraudulent Misrepresentation; (2) Negligent Misrepresentation; and (3) Breach of Contract. The record reflects that service on defendants Chivington and Coldwell Banker was perfected on October 23, 2014. Service on defendant Citibank was perfected on October 28, 2014.

{¶5} On January 26, 2015, Lester filed a Motion for Default Judgment. In support of his motion, Lester asserted that none of the defendants had filed an answer to his complaint with the trial court. Lester attached to his motion a letter dated November 5, 2014 that Chivington personally wrote to Lester's attorney regarding the complaint. However, Lester argued that this correspondence could not be construed as a timely-filed answer with the court and therefore did not preclude him from being entitled to default judgment.

{¶6} On March 10, 2015, trial court issued notice of a hearing on Lester's Motion for Default Judgment scheduled for April 13, 2015.

{¶7} On April 10, 2015, defendants Chivington and Coldwell Banker filed a Motion for Leave to File Answers Instanter. In a supporting memorandum, defendants Chivington and Coldwell Banker asserted they had meritorious defenses to the complaint and requested the motion be granted on the basis of excusable neglect due to Chivington's unfamiliarity with the judicial process and her belief that her letter to Lester's attorney was an adequate response to the complaint.

{¶8} The trial court conducted the hearing as scheduled. The trial court initially addressed the parties' arguments pertaining to Chivington's request for leave to file an answer and determined that Chivington failed to establish excusable neglect for not properly responding to Lester's complaint. As a result, the trial court overruled the Motion for Leave to File an Answer Instanter and granted Lester's Motion for Default Judgment. Lester then presented the testimony of four witnesses and several exhibits in support his claim for damages.

### *Evidence on Damages*

{¶9} Lester testified he has been engaged in the business of acquiring and renting real estate for eight years. He submitted a portion of the listing advertising the sale of the 465 Hartford Street property on the MLS, which included pictures

of the garage and indicated it was part of the sale. Lester relied on the representations made in the listing, as well as on the representations of the relators involved, that the garage was part of the sale. Lester testified that prior to the closing the seller's representatives never mentioned to him that the garage was not on the same lot as the residence. According to Lester, the purchase price of $15,000.00 for the residence was well over the value of the home in its condition at the time of the sale. He further stated that the garage was the primary reason he purchased the real estate.

{¶10} Lester intended to rent the house and the garage separately. Lester had an agreement with Rebecca Chapman to rent the house for $600.00 per month from December 1, 2013 through the time of the hearing in April 2015. Ms. Chapman took the stand and confirmed her intention of renting the residence for that amount beginning in December 2013. Lester explained that he initially spent a couple thousand dollars updating the home. However, he stopped repairs when it became apparent that the issue with the garage was not going to be quickly resolved. He explained that rescission of the purchase contract was one of the remedies he was willing to pursue and he did not want to continue to spend money on the property or to commit to having renters in the home.

{¶11} Lester also testified that he had an agreement with Harold Kemp, Jr. to rent the garage purported to be part of property for $400.00 a month. Mr. Kemp

took the stand at the hearing and explained that he planned to use the space for his taxi service; specifically for the storage and maintenance of his vehicles. He intended to rent the garage from October 2013 through January of 2015 at the amount stated above. In support of his claims for damages, Lester submitted a document at the hearing which included his calculations of lost rental income for both the residence and the garage.

{¶12} In November 2013, shortly after he purchased the property and discovered the garage was not included in the sale, Lester contacted both relators and the title company involved in the transaction to resolve the situation. He began discussions with Chivington who indicated that she would work with the estate who owned the lots where the garage was situated. According to Lester, Chivington continually promised to "resolve" the issue which entailed purchasing the lots and transferring them to Lester. However, a number of months passed without a resolution and Lester initiated this action. Lester sought $5,500.00, the purchase price of the garage; $16,625.00 in lost rental income; $3,262.50 in legal fees; and $100,000.00 in punitive damages based on his allegations that the defendants acted in bad faith. The trial court took the matter under advisement.

{¶13} On April 22, 2015, the trial court issued a judgment entry finding that Lester was entitled to recover damages in the amount of $12,500.00 plus statutory interest from all three defendants. In a separate opinion, the trial court

found that Lester was entitled to recover $5,500.00 for the value of the garage that was represented to be included in the real estate sale. As for the lost rental income, the trial court found that Lester was entitled to $5,200.00, which represented the amount of rent he would have received from Mr. Kemp for the rental of the garage for thirteen months at a rate of $400.00 a month.

**{¶14}** However, the trial court determined that Lester was not entitled to the full amount requested for lost rental income on the home. The trial court concluded that Lester did not satisfy his duty to mitigate his damages because the evidence suggested that he could have moved renters into the residence despite the uncertainty with the sale. Thus, the trial court only awarded Lester lost rental income for three months at a rate of $600.00, or $1,800.00. Finally, the trial court determined the evidence did not support Lester's claims that the defendants acted in bad faith prior to the closing of the sale and concluded Lester was not entitled to either punitive damages or reasonable attorney fees.

**{¶15}** On appeal, Chivington asserts the following assignments of error.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT, LU CHIVINGTON, BY DENYING HER MOTION FOR LEAVE TO FILE HER ANSWER INSTANTER.**

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT, LU CHIVINGTON, BY GRANTING JUDGMENT TO PLAINTIFF-APPELLEE AGAINST HER IN THE AMOUNT OF $12,500.00**

### *First Assignment of Error*

{¶16} In her first assignment of error, Chivington claims that the trial court erred in overruling her Motion for Leave to File an Answer Instanter. Chivington asserts that the delay in her filing an answer several months past the allotted timeframe is attributable to excusable neglect.

{¶17} Civil Rule 12(A)(1) requires that the defendant serve her answer to a complaint within 28 days of service of the summons and complaint. Nevertheless, Civ.R. 6(B)(2) allows a court "in its discretion" to extend this period to file an answer where the defendant files a motion outside of the 28-day period and demonstrates that the failure to timely plead "was the result of excusable neglect[.]" "A trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 465 (1995), citing *Miller v. Lint*, 62 Ohio St.2d 209, 213–214 (1980). An abuse of discretion implies the court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply

substituting its own judgment for that of the trial court. *Pons v. Ohio St. Med. Bd.*, 66 Ohio St.3d 619, 624 (1993).

**{¶18}** "In determining whether neglect is excusable or inexcusable, this Court must take into consideration the surrounding facts and circumstances, and must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds." *Univ. of Akron v. Mangan*, 9th Dist. Summit No. 24167, 2008-Ohio-4844, ¶ 10, citing *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 271 (1988). When considering these circumstances and the preference for settling cases on their merits, we are also mindful that "the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)." *Lindenschmidt* at 466.

**{¶19}** Although the term "excusable neglect" is an elusive concept that courts often find difficult to define and to apply, the cases discussing excusable neglect reveal some general principles. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). Examples of instances where a court might find excusable neglect include the following: the party had neither knowledge nor notice of the pending legal action; counsel of record suffers from personal or family illness; and counsel of record fails to appear for trial because he has not received notice of a rescheduled trial date. *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 13 (1978); *The Bluffs of Wildwood Homeowners' Assn., Inc. v. Dinkel*, 96 Ohio App.3d 278, 281

(1994); *Columbia Gas of Ohio v. Riley*, 38 Ohio App.3d 151 (1987), paragraph two of the syllabus. A majority of the cases finding excusable neglect also have found unusual or special circumstances that justified the neglect of the party or attorney. *Kay*, *supra*.

{¶20} "Neglect is inexcusable, pursuant to Civ.R. 6(B), when a party's inaction can be classified as a 'complete disregard for the judicial system.' " *Reimund v. Reimund*, 3d Dist. Hancock No. 5-04-52, 2005-Ohio-2775, ¶ 16, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 153 (1976). Likewise, conduct falling "substantially below what is reasonable under the circumstances" constitutes inexcusable neglect. *GTE*. at 152. Further, if the party could have prevented the circumstances from occurring, neglect will not be considered excusable. *McKinley v. Rhee*, 3d Dist. Allen No. 1-01-168, 2002-Ohio-1768.

{¶21} Chivington argues that she has demonstrated excusable neglect because she sent a letter to Lester's attorney asserting meritorious defenses to the claims three weeks after she received the complaint. She further contends that she misunderstood the requirement of having to file an answer with the trial court within the 28-day timeframe. The record reflects that the summons accompanying the complaint stated the following:

> **You are hereby summoned and required to serve upon the plaintiff's attorney (or upon the plaintiff, if he has no attorney of**

> **record) a copy of an answer to the complaint within twenty-eight days after service of this summons on you, exclusive of the day of service. *Your answer must be filed with the Court within three days after the service of a copy of the answer on the plaintiff's attorney.***
>
> ***If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.***

(Doc. No. 2A) (emphasis added).

**{¶22}** At the outset, we note that appellate courts have consistently held that failure to respond to a complaint due to "layperson" status insufficient to rise to the level of excusable neglect. *See e.g.*, *Martin v. Wayne County Nat. Bank Trust*, 9th Dist. No. 03CA0079, 2004-Ohio-4194, at ¶ 16 (stating "will not waive the requirements imposed by the Civil Rules of Procedure simply because one of the litigants is proceeding pro se"); *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 537 (4th Dist.1997). Moreover, the record demonstrates Chivington failed to file any responsive pleadings with the trial court prior to her attempt to file her answer instanter, three days before the hearing on Lester's Motion for Default Judgment. Notably, Chivington's attempt to file an answer with the trial court occurred nearly six months after the service of the complaint and three months after she received notice of Lester's Motion for Default Judgment.

**{¶23}** In making its determination on this issue at the hearing, the trial court reviewed relevant case law and stated the following on the record:

> **The guideline for inexcusable neglect is when a party's inaction could be classified for a complete disregard for the judicial system. * * *[A]lso if the party could have prevented the circumstances from occurring neglect will not be considered excusable. Reviewing that standard to what's been provided in support of the Motion in this matter the Court finds that this— the conduct of Miss Chivington would fall within inexcusable neglect. [The] Court's reviewed the summons, fairly standard language, makes it very clear that the Answer should have been filed with this Court * * *.**

> **So applying the standards for excusable neglect the Court finds that the Defendants have failed to establish excusable neglect for properly responding to the Complaint in this matter, and the Motion to File Answers Instanter will be overruled.**

(Trans. at 8-9). Based on the circumstances of this case and the fact that a Civ.R. 6(B) determination lies within the trial court's sound discretion, we cannot say the trial court erred in denying Chivington's motion for leave to plead instanter. It was within the trial court's discretion to deny the motion, and we find such a conclusion was not an abuse of discretion. Accordingly, the first assignment of error is overruled.

### *Second Assignment of Error*

**{¶24}** In her second assignment of error, Chivington argues that the trial court erred in granting judgment against her in the amount of $12,500.00. Specifically, Chivington asserts that Lester presented insufficient evidence to prove that Chivington's actions were the proximate cause of his damages.

{¶25} In his complaint, Lester alleged that Chivington's actions were the proximate cause of his damages. When Chivington failed to file a responsive pleading, those allegations were admitted as true. *See* Civ.R. 8(D);[2] *see also Girard v. Leatherworks Partnership*, 11th Dist. No.2004-T-0010, 2005-Ohio-4779, at ¶ 38 (stating that "[w]hen a defendant fails to answer, default judgment is appropriate because liability has been admitted or "confessed" by the omission of statements in a pleading refuting the plaintiff's claims"). Furthermore, based upon Civ.R. 55, the trial court properly granted default judgment once Chivington failed to plead or otherwise defend the action and Lester properly moved for default judgment. "Once a default judgment has been entered, the only remaining triable issue is the amount of damages." *Sokol v. Spigiel*, 9th Dist. Lorain No. 05CA008839, 2006-Ohio-4408, ¶ 14.

{¶26} Accordingly, the issue of proximate cause was not before the trial court during its "damages-only" hearing. *Sokol* at ¶ 15 (finding defendant's failure to respond to the complaint in a timely manner established such causation). Moreover, the record demonstrates that Lester presented sufficient evidence to support the trial court's damage award. Chivington's second assignment of error is therefore overruled.

---

[2] Civil Rule 8(D) states that: "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

{¶27} For all these reasons, the assignments of error are overruled and the judgment is affirmed.

*Judgment Affirmed*

**PRESTON, J., concurs.**

**WILLAMOWSKI, J., concurs in Judgment Only.**

**/jlr**