[Cite as *Lengacher Holdings, L.L.C. v. Witmer*, 2022-Ohio-4147.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

LENGACHER HOLDINGS, LLC,

    PLAINTIFF-APPELLEE,

                                    CASE NO. 11-22-03

    v.

DAVID WITMER,

    DEFENDANT-APPELLANT,
    -and-                           O P I N I O N

MARLENE WITMER, ET AL.,

    DEFENDANTS-APPELLEES.

Appeal from Paulding County Common Pleas Court
Trial Court No.  CI 21 148

**Judgment Affirmed**

Date of Decision:   November 21, 2022

APPEARANCES:

    *Ian A. Weber* for Appellant

    *John P. Maxwell* for Appellee, Lengacher Holdings, LLC

**MILLER, J.**

{¶1} Defendant-appellant, David Witmer, appeals the March 8, 2022 judgment of the Paulding County Court of Common Pleas denying his motion for leave to file an answer out of time. For the reasons that follow, we affirm.

## I. Facts & Procedural History

{¶2} In November 2019, Marlene Witmer and Susann Witmer sold a parcel of land in Paulding County to plaintiff-appellee, Lengacher Holdings, LLC. Marlene is David's wife. Marlene and Susann agreed to convey the property to Lengacher free and clear of all liens and other encumbrances. However, the property was conveyed to Lengacher without a release of David's dower interest.

{¶3} On October 29, 2021, Lengacher filed a complaint against David, Marlene, and Susann seeking to quiet title in the property. The summonses and complaints were sent via certified mail to David and Marlene at their home address in Grabill, Indiana. On November 3, 2021, Sarah Witmer—David's adult daughter and a resident of David and Marlene's home—took receipt of the summonses and complaints and signed both for David and for Marlene. Susann was personally served with the summons and complaint on November 3, 2021.

{¶4} Thereafter, neither David, Marlene, nor Susann filed an answer within 28 days as required by Civ.R. 12(A)(1). On the afternoon of December 3, 2021, Lengacher filed a motion for default judgment. Approximately two and a half hours

later, David filed a motion asking the trial court grant him 60 days to "retain counsel to defend [his] rights and the malicious and fraudulent claims in this complaint." (Doc. No. 10). On December 9, 2021, the trial court granted David's motion and gave him until February 3, 2022, to file an answer to Lengacher's complaint. The trial court directed David to "include with his answer a showing of excusable neglect for his failure to file a timely answer." (Doc. No. 11). The trial court also indicated that Lengacher's motion for default judgment would remain pending and a hearing would be set for Lengacher's motion after the court received David's answer.

{¶5} David subsequently retained counsel, and on January 27, 2022, David filed through counsel a "Motion for Leave to File Answer to Plaintiff's Complaint Instanter." The motion stated, in relevant part:

> The Defendant, David Witmer, never signed for service of the certified mail. It was signed by Sarah Witmer on or about November 3, 2021, * * * therefore service was not proper on David on November 3, 2021, and he did not receive or review the Complaint until December 1, 2021.
>
> * * *
>
> Defendant's failure to file an answer to Plaintiff's complaint was the result of "excusable neglect," as set forth in Civil Rule 6(B)(2).

(Doc. No. 13).

{¶6} A "Zoom Conference" was subsequently set for the afternoon of February 24, 2022. The assignment notice, dated February 7, 2022, stated, "**ZOOM CONFERENCE TO BE HELD ON PLAINTIFF'S MOTION FOR DEFAULT**

-3-

Case No. 11-22-03

**JUDGMENT QUIETING TITLE TO REAL PROPERTY**." (Capitalization and boldface sic.) (Doc. No. 14). The notice indicated that a copy of the notice had been sent to David. On February 9, 2022, a revised assignment notice was issued, moving the "Zoom Conference" up to the afternoon of February 23, 2022. The revised notice indicated that a copy of the notice had been sent to David's counsel and that David's counsel would be appearing in person for the conference, although Lengacher's counsel would be appearing remotely.

{¶7} As expected, David's counsel physically attended the February 23, 2022 conference. However, David was not present at the conference either in person or remotely. At the conference, David's counsel represented that David's "wife did not give him a copy of the summons until the first part of December – December 1st, and then he had contacted the court and wrote a letter asking for an extension of time to retain counsel." (Feb. 23, 2022 Tr. at 7). David's counsel also stated that David "claims [Sarah] signed for it, he never saw it, was never handed the envelope or the service on that. He claims that he got it December 1st * * *. He claims this was the first time that he was aware of the lawsuit or anything regarding this transaction." (Feb. 23, 2022 Tr. at 9).

{¶8} On March 8, 2022, the trial court denied David's request to file an answer out of time. In its judgment entry, the trial court suggested service was properly effected on David when Sarah signed for his summons and complaint on

-4-

November 3, 2021. With respect to the issue of excusable neglect, the trial court

stated:

> The Court expected [David] to tell why there was a flaw in the service
> and the reason for his failure to file a timely answer. While Defendant
> David Witmer did offer a reason for his failure, i.e., he did not sign
> for the certified mail and his family did not give it to him, the Court
> assessed the credibility of the argument and evidence of non-service
> and does not find it to be credible.

(Doc. No. 16). Having denied David's request, the trial court granted Lengacher's

motion for default judgment by separate entry.

## II. Assignments of Error

{¶9} On April 5, 2022, David timely filed a notice of appeal. He raises the

following two assignments of error for our review:

> **1. The trial court abused its discretion when it denied
> appellant's motion for leave to file an answer to plaintiff's
> complaint instanter after the appellant was granted leave on
> December 9, 2021, to answer plaintiff's complaint until February
> 3, 2022, by showing excusable neglect for his failure to file a timely
> answer.**
>
> **2. Whether the trial court not setting the matter for a hearing
> was an abuse of discretion.**

Because the issues in David's two assignments of error overlap, we consider them

together.

## III. Discussion

{¶10} In his assignments of error, David argues that the trial court erred by

denying his motion without holding a hearing. He claims he ought to have been

-5-

granted leave to file an answer out of time, and that his failure to timely file his answer was excusable, because he "did not receive the Complaint from his daughter who signed for it on November 3, 2021, until December 1, 2021." David further maintains the trial court erred because it set the matter for a "Zoom Conference * * *, not a hearing [with] an[] indication that evidence would need to be presented," and that "[i]f the matter was set for a hearing[,] [he] would have been present and he could have testified as to the exact facts of not receiving the complaint until December 1."

{¶11} Under Civ.R. 6(B)(2), when "an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]" "A trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 465 (1995). An abuse of discretion implies the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} "In determining whether neglect is excusable or inexcusable, this Court must take into consideration all the surrounding facts and circumstances, and

must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds." *Univ. of Akron v. Mangan*, 9th Dist. Summit No. 24167, 2008-Ohio-4844, ¶ 10. "When considering these circumstances and the preference for settling cases on their merits, we are also mindful that 'the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B).'" *Lester v. Chivington*, 3d Dist. Marion No. 9-15-21, 2015-Ohio-5446, ¶ 18, quoting *State ex rel. Lindenschmidt* at 466.

{¶13} "Excusable neglect has been defined in the negative." *Delitoy v. I. Stylez Hair & Nails Design, Inc.*, 8th Dist. Cuyahoga No. 108833, 2020-Ohio-3370, ¶ 18. Courts have found inexcusable neglect "'when a party's inaction can be classified as a "complete disregard for the judicial system."'" *Lester* at ¶ 20, quoting *Reimund v. Reimund*, 3d Dist. Hancock No. 5-04-52, 2005-Ohio-2775, ¶ 16, quoting *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 153 (1976). Neglect has also been found to be inexcusable where it involves "conduct falling 'substantially below what is reasonable under the circumstances.'" *Id.*, quoting *GTE* at 152. "Further, if the party could have prevented the circumstances from occurring, neglect will not be considered excusable." *Id.*

{¶14} In contrast, a court might properly find excusable neglect where "counsel of record suffers from personal or family illness" or where "counsel of record fails to appear for trial because he has not received notice of a rescheduled

trial date." *Id.* at ¶ 19. "A majority of the cases finding excusable neglect also have found unusual or special circumstances that justified the neglect of the party or attorney." *Id.*

**{¶15}** Additionally, as relevant here, excusable neglect may exist when "the party had neither knowledge nor notice of the pending legal action[.]" *Lester*, 2015-Ohio-5446, at ¶ 19. "Courts have also found excusable neglect where a failure to answer was due to a failure to forward, or other mishandling of, a complaint." *Twymon v. Eagle Auto Parts, Inc.*, 8th Dist. Cuyahoga No. 110993, 2022-Ohio-2360, ¶ 52. However, failure to forward a complaint to the proper party does not "automatically constitute excusable neglect." *Treasurer of Lucas Cty. v. Mt. Airy Invests. Ltd.*, 6th Dist. Lucas No. L-18-1254, 2019-Ohio-3932, ¶ 27. "Where a failure to answer a complaint is the result of a party's '[i]nsufficient or negligent internal procedures' or the party could have otherwise 'controlled or guarded against' the circumstances that led to a party's failure to answer, courts have often declined to find excusable neglect." *Twymon* at ¶ 53, quoting *Middleton v. Luna's Restaurant & Deli, LLC*, 5th Dist. Stark No. 2011 CA 00004, 2011-Ohio-4388, ¶ 31. "Likewise, a party's failure to answer a complaint is not excusable neglect 'when it is a result of the party's own "carelessness, inattention, or willful disregard of the process of the court."'" *Id.* at ¶ 54, quoting *Russell v. McDonalds Inc. #3737*,

8th Dist. Cuyahoga No. 109112, 2020-Ohio-4300, ¶ 22, quoting *Emery v. Smith*, 5th Dist. Stark Nos. 2005CA00051 and 2005CA00098, 2005-Ohio-5526, ¶ 16.

**{¶16}** Here, David's request to file an answer out of time was based on his assertion that he did not receive or have knowledge of Lengacher's complaint until December 1, 2021. It appears the trial court simply did not believe David's claim, finding that the "evidence of non-service" was not credible. But in reality, there was no evidence for the trial court to review. To begin, David's Civ.R. 6(B)(2) motion was not supported by affidavit. Strictly speaking, such an affidavit might not have been necessary for the trial court to grant David's motion. *See Evans v. Chapman*, 28 Ohio St.3d 132, 135 (1986) (observing that it would have been "preferable" for the movant's Civ.R. 6(B) motion to be supported by affidavit, but concluding that the trial court did not abuse its discretion by granting the motion notwithstanding the lack of affidavit). In the absence of a supporting affidavit, the trial court still has the discretion to determine whether the grounds stated in the motion constitute excusable neglect, even when those grounds are less than clear. *See id.* ("The trial court had discretion under Civ.R. 6 to find that 'clerical errors' constituted excusable neglect."). However, as a practical matter, the lack of a supporting affidavit will often result in the trial court properly exercising its discretion to deny the Civ.R. 6(B)(2) motion as being unsupported by the evidence. *See T.S. Expediting Servs., Inc. v. Mexican Indus., Inc.*, 6th Dist. Wood No. WD-

01-060, 2002-Ohio-2268, ¶ 17-22; *Scarefactory, Inc. v. D & B Imports, Ltd.*, 10th Dist. Franklin No. 01AP-607, 2002 WL 5529, *3-4 (Jan. 3, 2002).

**{¶17}** In addition, David did not present any testimony or other evidence at the February 23, 2022 "Zoom Conference" to support his claim of excusable neglect. David attributes this failure to the fact that he was unaware his Civ.R. 6(B)(2) motion would be addressed during the proceeding. Even if true, this does not excuse David's omission. When the "Zoom Conference" was first scheduled, it was made explicit that the conference was intended to address Lengacher's motion for default judgment. Lengacher's motion for default judgment and David's Civ.R. 6(B)(2) motion were inextricably linked—when David was granted additional time to hire an attorney and file a proposed answer, the trial court indicated that Lengacher's motion for default judgment would be held open and that a hearing would be scheduled on the motion once David filed his answer, which was supposed to include the grounds to support a finding of excusable neglect. Thus, the grant or denial of Lengacher's motion for default judgment clearly depended, at least in part, on whether David established that his failure to timely file an answer was due to excusable neglect. Given this link, it should have been obvious to David that his Civ.R. 6(B)(2) motion would be addressed at the February 23, 2022 proceeding. David does not maintain that he did not have notice of the proceeding, and the record would belie such an assertion in any case. Nor does the record show that David

requested or was denied an opportunity to present testimony at the proceeding. Therefore, we do not find David was deprived of the opportunity to present evidence to support his claims of excusable neglect. Nor was it error for the trial court to rule on David's motion without affording him the chance of a second proceeding at which to introduce his (purported) evidence of excusable neglect.

{¶18} Because of David's failure to support his Civ.R. 6(B)(2) motion with testimony or any other evidentiary-quality materials, the trial court had only the allegations contained in David's written motion and his counsel's oral representations to rely on when deciding whether there was excusable neglect. As indicated above, the trial court was evidently unconvinced that David had in fact been unaware of Lengacher's complaint until December 1, 2021. In the absence of actual evidentiary support for David's claims, the trial court's decision was not arbitrary or unreasonable.

{¶19} Yet, even if we were to conclude that the trial court should have taken David at his word that he did not know about Lengacher's complaint until December 1, 2021, David still failed to make his case for excusable neglect. Specifically, it was incumbent on David to provide an explanation why he did not learn of Sarah's receipt of the complaint and summons until December 1, 2021, because the reason for his lack of knowledge was crucial to determining whether his neglect was excusable or inexcusable. However, there is simply no indication in the record as

to what Sarah did with the mail after she signed for it. Nor does the record establish when, or whether, Sarah told David that she had received his mail. The absence of information pertaining to these matters frustrates the determination of whether David's neglect was excusable or not. Since it was David's responsibility to make a sufficient showing that the neglect was excusable and he failed to do so, the trial court did not abuse its discretion by denying David's Civ.R. 6(B)(2) motion.

{¶20} David's first and second assignments of error are overruled.

## IV. Conclusion

{¶21} For the foregoing reasons, David's assignments of error are overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Paulding County Court of Common Pleas.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**