ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Leon Edinger, Robert Edinger, and Randy Edinger ("Edingers") have filed a complaint seeking a writ of mandamus to allow complete access to foster care records maintained by the Cuyahoga County Department of Children and Family Services and the Cuyahoga County Archives ("County"). The County has filed a motion to dismiss, which we grant for the following reasons.
 {¶ 2} In March 1954, the Edingers were removed from the custody of their widowed mother and placed in the temporary care and custody of the Children's Welfare Board pursuant to an order by the Cuyahoga County Juvenile Court.[1] The Edingers were eventually placed in the custody of Mrs. Evelyn Stash until they reached the age of emancipation. During the time of foster care with Mrs. Stash, written reports were prepared and maintained by the County with regard to each of the Edingers.
 {¶ 3} Recently, the Edingers have attempted to obtain copies of the reports maintained by the County with regard to their foster care. The County, although providing limited access to the foster care reports, has refused to allow complete and unfettered access. The Edingers have filed a complaint for a writ of mandamus in an attempt to gain complete access to the foster care reports held by the County. In essence, the Edingers argue that the foster care reports held by the County are public records, as defined by R.C. 149.43, and are thus subject to immediate release and review.
 {¶ 4} Initially, we find that the Edingers' complaint for a writ of mandamus is procedurally defective. Loc.App.R. 45(B)(1)(a) provides that a complaint for an extraordinary writ must be supported by a sworn affidavit which specifies the details of the claim. The Edingers have failed to attach a sworn affidavit to their complaint for a writ of mandamus. Their complaint for a writ of mandamus is, thus, procedurally defective and subject to dismissal. State ex rel. McCool v. Adult ParoleAuthority (Mar. 5, 1998), Cuyahoga App. No. 73487.
 {¶ 5} In addition, a substantive review of the Edingers' complaint fails to establish that they are entitled to relief. In order for this court to issue a writ of mandamus, the Edingers must establish the following: (1) the Edingers possess a clear legal right to inspect the foster care reports; (2) the County possesses a clear legal duty to provide access to the foster care reports; and (3) there exists no plain and adequate remedy in the ordinary course of the law. State ex rel.Harris v. Rhodes (1978), 54 Ohio St.2d 41, 374 N.E.2d 641; State ex rel.National City Bank v. Bd. of Education (1977), 52 Ohio St.2d 81,369 N.E.2d 1200.
 {¶ 6} In the instant case, the Edingers essentially claim that the foster care reports held by the County are public records as defined by R.C. 149.43 and thus open to immediate inspection. However, not all records kept by a governmental unit are public records open to inspection. R.C. 149.43(A)(1)(v) provides that a public record does not include records that are specifically prohibited from release by state or federal law. R.C. 5153.17, which deals with records maintained by a public children services agency, provides that:
The public children services agency shall prepare and keep written records of investigations of families, children, and foster homes, and of the care, training, and treatment afforded children, and shall prepare and keep such records as are required by the department of job and family services. Such records shall be confidential, but, except as provided by division (B) of section 3107.17 of the Revised Code, shall be open to inspection by the agency, the director of the county department of job and family services, and any other persons, upon the written permission of the executive secretary. (Emphasis added).
 {¶ 7} Because the records maintained by the County with regard to the Edingers' foster care are not public records pursuant to R.C.149.43(A)(1)(v) and R.C. 5153.17, the Edingers have failed to establish that they possess a legal right to inspect the foster care records or that the County possesses a legal duty which would allow inspection of the Edingers' foster care records. State v. Fuson (Aug. 11, 1998), Knox App. No. 97-CA-000023. See, also, Sharpe v. Sharpe (1993),85 Ohio App.3d 638, 620 N.E.2d 916; State v. Sahady, Cuyahoga App. No. 83247, 2004-Ohio-3481. Finally, we find that the foster care records maintained by the County are not available for inspection pursuant to R.C. Chapter 1347, which deals with "personal information systems." Stateex rel. Renfro v. Cuyahoga Cty. Dept. of Human Serv. (1990),54 Ohio St.3d 25, 560 N.E.2d 230; Dehler v. Wilson (Apr. 4, 2003), Trumbull App. No. 2002-T-0031, 2003-Ohio-1750.
 {¶ 8} Accordingly, we grant the County's motion to dismiss. Cost to the Edingers. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Complaint dismissed.
BLACKMON, A.J., CONCURS
 ROCCO, J., CONCURS
[1] The Children's Welfare Board is now part of the Cuyahoga County Department of Children and Family Services.