[Cite as *Ohio Receivables, L.L.C. v. Rivera*, 196 Ohio App.3d 694, 2012-Ohio-216.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

OHIO RECEIVABLES, L.L.C.,

     Appellee,

     v.

RIVERA,

     Appellant.

C.A. No.     10CA009906

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     10CV167872

DECISION AND JOURNAL ENTRY

Dated: January 23, 2012

Parri Hockenberry, for appellee.

David Rivera, pro se.

MOORE, Judge.

{¶ 1} Appellant, David Rivera, appeals from the judgment of the Lorain County Court of Common Pleas. This court reverses and remands for further proceedings.

I

{¶ 2} On June 7, 2010, appellee Ohio Receivables, L.L.C., filed a complaint in the Lorain County Court of Common Pleas for the collection of an unpaid Chase Bank USA, N.A., credit-card account. A copy of the complaint was served upon Rivera by certified mail on June 11, 2010. No responsive pleading was filed. On July 23, 2010, Ohio Receivables filed a motion for default judgment. On July 28, 2010, counsel for Rivera filed a "Notice of Chapter Seven Bankruptcy" and requested an automatic stay of the proceedings. A stay was granted by the trial

court on July 30, 2010. On August 30, 2010, Ohio Receivables filed a motion to lift the stay. The motion was served upon Rivera, but it was not served upon his attorney. The motion was granted on September 1, 2010, and the order pronounced that a nonoral default hearing was scheduled for September 21, 2010. The court's entry includes a notation at the bottom that copies were sent to counsel for Ohio Receivables and Rivera. There is no indication that a copy of the order was sent to defense counsel of record. At the September 21, 2010 default hearing, Rivera failed to appear, and default judgment was granted in favor of Ohio Receivables on September 21, 2010, in the amount of $13,439.04, together with interest at the statutory rate.

{¶ 3} Rivera timely filed a notice of appeal. He raises five assignments of error for our review.

II

**ASSIGNMENT OF ERROR V**

[Ohio Receivables'] 8/30/10 motion to lift stay was never served on
[Rivera] and bears no certificate of service per the record and is completely void
of any evidentiary material to support a ruling in [its] favor on relief requested
prejudicing [Rivera.]

{¶ 4} In his fifth assignment of error, Rivera argues that Ohio Receivables' motion to lift the stay was not properly served. We agree.

{¶ 5} Under Civ.R. 5(B), "[w]henever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service *shall be made upon the attorney* unless service upon the party is ordered by the court." (Emphasis added.)

{¶ 6} The original complaint in this action was filed on June 7, 2010, and was properly served upon Rivera at 5415 Ashland Avenue, Lorain, Ohio, by certified mail on June 11, 2010. On July 28, 2010, a "Notice of Chapter Seven Bankruptcy Filing" was filed by counsel on behalf

of "the Defendant, David Robert Rivera," requesting an automatic stay of the proceedings. The trial court ordered a stay on July 30, 2010. On August 30, 2010, Ohio Receivables filed a motion to lift the stay, arguing that the "David Rivera" in the bankruptcy proceedings was not the individual being pursued in this action. The motion to lift the stay was served directly upon Rivera at 5415 Ashland Avenue but not upon his counsel of record.

{¶ 7} Under Civ.R. 5(B), when a party is represented by an attorney, service must be made upon the attorney. "An attorney becomes an attorney of record in the particular proceedings by his subscription of a pleading or paper served and filed in that action." *Citibank South Dakota, N.A. v. Wood*, 169 Ohio App.3d 269, 2006-Ohio-5755, at ¶ 17 (2d Dist.), citing *Verber v. Wilson*, 10th Dist. No. 96APF09-1255, 1997 WL 304403, *5 (June 5, 1997), quoting McCormac, Ohio Civil Rules Practice (2d Ed.1992) 137, Section 6.07. Here, Rivera's attorney filed the notice of bankruptcy proceedings and request for an automatic stay. Under Civ.R. 5(B), the motion to lift the stay should have been served on the attorney. "When service is required to be made upon a party who is represented by an attorney of record, service should be made upon the attorney unless the court expressly orders that it be made upon the party. *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs*. (1990), 51 Ohio St.3d 131, 554 N.E.2d 1324. The reasoning behind this requirement is that an attorney of record is in a better position to understand the legal import of any documents required to be served on his or her client and the nature of the action to be taken." *Steiner v. Steiner*, 85 Ohio App.3d 513, 520-521 (4th Dist. 1993).

{¶ 8} The record indicates that Ohio Receivables did not send the required notice to the attorney of record representing Rivera. There is nothing in the record to indicate that the court expressly ordered that service be made upon Rivera; thus, Civ.R. 5(B) requires that the notice be

sent to the attorney of record. Ohio Receivables appears to suggest that it did not need to serve counsel for the party that filed the motion for stay because it had determined that the individual identified in the bankruptcy proceeding "had a different social security number and different address" from those of the David Rivera being pursued in this action. The motion for stay was filed by counsel on behalf of "the Defendant" in this action. The rules provide that "[a]n attorney becomes an attorney of record in the particular proceedings by his subscription of a pleading or paper served and filed in that action." *Citibank South Dakota, N.A.* at ¶ 17. The rule does not allow for the opposing party to unilaterally determine whether the attorney is in fact representing the party in the action. Because counsel filed the motion for stay on behalf of Rivera, Ohio Receivables was obligated to serve its motion to lift the stay upon the attorney, who then in turn could litigate whether his client was the same David Rivera being pursued by Ohio Receivables. "This Court has recognized that the language of the Civil Rules regarding service of process is mandatory, and * * * a trial court may not consider a motion if the motion failed to comply with the rules regarding service of process." *Pla v. Wivell*, 9th Dist. No. 25814, 2011-Ohio-5637, at ¶ 13, citing *First Resolution Invest. Corp. v. Salem*, 9th Dist. No. 24049, 2008-Ohio-2527, at ¶ 6-8. Accordingly, the trial court erred by granting the motion to set aside the stay. This portion of Rivera's fifth assignment of error is sustained.

{¶ 9} Rivera further argues that the motion lacked evidentiary material to support a ruling in their favor. We decline to address this portion of the assignment error, because it is rendered moot. *See* App.R. 12(A)(1)(c).

### ASSIGNMENT OF ERROR I

The trial court erred to the prejudice of [Rivera] when it entered a default hearing against [him] after the notice of bankruptcy was filed [* * *] in the state court and per 18 United States Code Section 362 "automatic stay" provisions as a matter of law all state court proceedings had been "stayed" in [*sic*] by operation of

federal via [*sic*] the fact that said notice of bankruptcy had been filed in the state court prejudicing [Rivera] and causing reversible error.

## ASSIGNMENT OF ERROR II

The trial court erred to the prejudice of [Rivera] when it entered a default judgment [* * *] against [him] when the fact of the bankruptcy became known five (5) days later and said order should have been vacated as a matter of law as "void ab initio[,"] prejudicing [Rivera] and causing reversible error.

## ASSIGNMENT OF ERROR III

The trial court erred to the prejudice of [Rivera] when it entered [* * *] order for default hearing when per the record all state proceedings had been "stayed" per 11 USC Sec[.] 362 and [Rivera] had a right to ignor[e] said void as a matter of law orders depriving [Rivera] of proper notice of the later hearing prejudicing [him] and causing reversible error.

## ASSIGNMENT OF ERROR IV

The trial court erred to the prejudice of [Rivera] when it issued a default judgment when [he] cannot speak English and that [*sic*] default judgments are not favored in law or equity prejudicing [him.]

{¶ 10} Because our resolution of the fifth assignment of error is dispositive of the issues raised, this court declines to address the first, second, third, and fourth assignments of error separately, as they are rendered moot. *See* App.R. 12(A)(1)(c).

### III

{¶ 11} Rivera's fifth assignment of error is sustained in part. His remaining assignments of error are rendered moot. The judgment of the Lorain County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

_____

CARR, P. J., and WHITMORE, J., concur.