[Cite as *Wells Fargo Bank, N.A. v. Thompson*, 2013-Ohio-644.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HANCOCK COUNTY

WELLS FARGO BANK, N.A.,

    PLAINTIFF-APPELLEE,

                        CASE NO.  5-12-20

    v.

RICHARD L. THOMPSON JR.,

    DEFENDANT-APPELLANT,
    -AND-

                        O P I N I O N

HAROLD HAYES, DBA H & H
BUILDINGS, ET AL.,

    DEFENDANTS-APPELLEES.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2012 F 00135

Judgment Affirmed

Date of Decision:   February 25, 2013

APPEARANCES:

    *Robert K.F. Mann* for Appellant

    *Scott A. King and Jessica E. Salisbury*  for Appellee,
        Wells Fargo Bank, N.A.

    *K.C. Colette*  for Appellee, Hancock County Treasurer

**SHAW, J.**

{¶1} Defendant-appellant Richard Thompson, Jr. ("Thompson") appeals the May 23, 2012, judgment of the Hancock County Common Pleas Court granting default judgment to Wells Fargo Bank, N.A., ("Wells Fargo") in a foreclosure action. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On March 6, 2012, Wells Fargo filed a complaint against Thompson seeking the balance due on a promissory note and to foreclose on a mortgage securing the note's payment. (Doc. 1).

{¶3} On April 19, 2012, Wells Fargo filed a "Motion for Default Judgment" as Thompson had not filed an answer or entered an appearance in the matter. (Doc. 27). The motion was accompanied by the affidavit of Carolyn Stinger, Vice President of Loan Documentation for Wells Fargo, on the status of Thompson's account. (Doc. 28).

{¶4} On May 21, 2012, Thompson filed a document titled "Motion to File Answer Instanter and Opposition to Motion for Default Judgment." (Doc. 30). The motion alleged that Thompson was only able to obtain Ohio counsel on May 18, 2012. (*Id.*) No answer was actually attached to Thompson's motion or otherwise included in the record.

{¶5} On May 23, 2012, the trial court filed its "Judgment Entry and Decree of Foreclosure" granting Wells Fargo's motion for default judgment. (Doc. 31). The trial court's entry did not mention Thompson's motion.

{¶6} It is from this judgment that Thompson appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT DECISION TO GRANT DEFAULT JUDGMENT CONSTITUTED AN ABUSE OF DISCRETION.**

{¶7} In Thompson's assignment of error, he argues that the trial court abused its discretion in granting Wells Fargo's Motion for Default Judgment. Specifically, Thompson argues that under Ohio Civil Rule 55 he was entitled to a hearing before default judgment was entered once Thompson had filed his "Motion to File Answer Instanter and Opposition to Motion for Default Judgment."

{¶8} We review a trial court's decision to grant a motion for default judgment under an abuse of discretion standard. *Fitworks Holding, LLC v. Sciranko*, 8th Dist. No. 90593, 2008-Ohio-4861, ¶ 4, citing *Discover Bank v. Hicks*, 4th Dist. No. 06CA55, 2007-Ohio-4448, ¶ 6. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶9}** With respect to the entry of a default judgment, Civ.R. 55(A) provides as follows:

> **When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. \* \* \***

**{¶10}** "Pursuant to Civ.R. 55(A), a trial court has discretion to decide if a[n oral] hearing is necessary." *Bank of New York Mellon v. Watkins*, 10th Dist. No. 11AP-539, 2012-Ohio-4410, ¶ 13 citing *Buckeye Supply Co. v. Northeast Drilling Co.*, 24 Ohio App.3d 134, (9th Dist.1985). An oral hearing is not mandated by Civ.R. 55, and thus motions can be decided by non-oral hearings. *Bank of New York*, *supra*, at ¶ 13 citing *Scarefactory, Inc. v. D & B Imports, Ltd.,* 10th Dist. No. 01AP–607 (Jan. 3, 2002), citing *Ramson's Imports, Inc. v. Chheda,* 10th Dist. No. 83AP–566 (Jan. 10, 1984); *Columbus v. Kahrl,* 10th Dist. No. 95APG09–1204 (Mar. 12, 1996). According to Hancock County Loc.R. 1.16, when a party does not explicitly request oral hearing, "all motions may be decided by the Court upon

the motions and memoranda filed by the parties."[1]  An oral hearing was not requested in this case.

**{¶11}** In this case, Thompson argues that once he entered an appearance by filing his motion, he was entitled to a hearing pursuant to Civ.R. 55 prior to the court granting default judgment.

**{¶12}** Wells Fargo filed its "Motion for Default Judgment" on April 19, 2012. (Doc. 30).  This motion contained a "Certificate of Service" stating that the motion had been served upon Thompson.  (*Id.*)

**{¶13}** On May 21, 2012, over a month after Wells Fargo filed its motion, Thompson, through counsel, filed a "Motion to File Answer Instanter and Opposition to Motion for Default Judgment."  (Doc. 30).  In this document, Thompson alleged that he was only able to obtain Ohio counsel on May 18, 2012. (*Id.*)  There is no actual answer attached to the motion, nor is there any supporting argument in the motion as to why default judgment should not have been granted.

**{¶14}** Subsequently, on May 23, 2012, the trial court filed its entry granting default judgment to Wells Fargo.  At the time the trial court made this ruling, Wells Fargo's motion for default judgment, which was certified to have been served upon Thompson, had been pending for over a month, well in excess of the required seven days' notice required by Civ.R. 55.  Moreover, the caption of

---

[1] In its entirety, the rule reads, "[a]ll motions may be decided by the Court upon the motions and memoranda filed by the parties without oral hearing unless oral hearing is expressly requested on behalf of a party and/or is determined necessary by the Court."  Hancock County Loc.R. 1.16.

Thompson's own motion makes it clear that Thompson was on notice that there was a motion for default judgment pending against him as his motion was titled partly as "in opposition to default judgment." Thus Thompson cannot maintain the argument that he did not have notice of the pending default judgment motion.

{¶15} When the trial court made its ruling, it had nothing before it in the record to counter the uncontroverted statements of Wells Fargo, which included an affidavit of the Vice President of Loan Documentation attesting to the property at issue and the money owed on Thompson's account. None of this evidence was contested by any filing Thompson made. There are no indications in the record that during the month that the motion for default judgment was pending the trial court did not duly consider the filings in coming to its decision as is permitted under both the local rules and the Ohio Civil Rules.[2]

{¶16} Under the totality of the circumstances of this case, we cannot find in this instance that the trial court abused its discretion in granting Wells Fargo's motion for default judgment. Accordingly, Thompson's assignment of error is overruled.

---

[2] We note that the trial court did not mention Thompson's motion in its entry and that Thompson's motion would still have been pending when the trial court made its decision. However, "[t]he general rule is that when a trial court fails to rule on a pending motion prior to entry of final judgment, it is presumed the motion was overruled." *Bizjak v. Bizjak*, 11th Dist. No 2004-L-083, 2005-Ohio-7047, ¶ 37 citing *Physiatrist Associates of Youngstown, Inc. v. Saffold,* 11th Dist. No.2003-T-0038, 2004-Ohio-2793, ¶ 18 ("All motions not ruled on are presumed to be overruled.") (Additional citations omitted.)

{¶17} For the foregoing reasons, Thompson's assignment of error is overruled and the judgment of the Hancock County Common Pleas Court is affirmed.

***Judgment Affirmed***

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**