[Cite as *Owner-Operator Servs., Inc. v. Markovic Transp., Inc.*, 2021-Ohio-3785.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### VAN WERT COUNTY

OWNER-OPERATOR SERVICES, INC.,

    PLAINTIFF-APPELLEE,                CASE NO. 15-21-02

    v.

MARKOVIC TRANSPORTATION, ET AL.,     O P I N I O N

    DEFENDANTS-APPELLANTS.

---

Appeal from Van Wert County Common Pleas Court
Trial Court No. CV-20-05-041

**Judgment Affirmed**

**Date of Decision: October 25, 2021**

---

APPEARANCES:

    *Steven L. Diller* **for Appellants**

    *Chad M. Sizemore* **for Appellee**

**ZIMMERMAN, J.**

{**¶1**} Defendants-appellants, Markovic Transportation, Inc. ("Markovic") and Ivica Markovic ("Ivica") (collectively, "defendants"), appeal the February 17, 2021 judgment of the Van Wert County Court of Common Pleas granting a declaratory judgment by default in favor of plaintiff-appellee, Owner-Operator Services, Inc. ("OSSI"). For the reasons that follow, we affirm.

{**¶2**} This case stems from a single-vehicle traffic incident that occurred on U.S. Highway 30 in Van Wert County on June 19, 2019 during which the tractor-trailer owned by defendants caught fire. The parties dispute whether defendants' insurance policy, which was issued by OSSI, provided coverage for the fire.

{**¶3**} On May 5, 2020, OSSI filed a complaint for declaratory judgement, misrepresentation, concealment, and fraud against defendants. (Doc. No. 3).

{**¶4**} On June 8, 2020, OSSI filed a motion requesting that the trial court permit the defendants an additional 28 days to file an answer to the complaint. (Doc. No. 8). However, the defendants did not file an answer to the complaint. Consequently, OSSI filed a motion for default judgment under Civ.R.55(A) (which the defendants were served by certified mail) on September 18, 2020. (Doc. No. 9). That same day, the trial court scheduled a "hearing on assessment of damages and default judgment" for November 5, 2020. (Doc. No. 10). Copies of the notice of the hearing were sent to OSSI's attorney and defendants. (*Id.*).

{¶5} On, October 29, 2020, the trial court revised the scheduled hearing by ordering that it be conducted by video conference. (Doc. No. 11). Importantly, copies of this notice of the hearing were sent to the defendants' out-of-state attorney (even though she had not appeared in the case) and OSSI's attorney. (*Id.*).

{¶6} On November 2, 2020, two attorneys licensed in the State of Ohio entered appearances "as local counsel" in the case on behalf of the defendants. (Doc. No. 12). On November 3, 2020, the defendants' out-of-state attorney filed a motion to appear pro hac vice in the case (which was granted by the trial court on November 5, 2020) along with an entry of appearance in the case on behalf of the defendants. (Doc. Nos. 14, 20).

{¶7} On November 5, 2020, the defendants filed a motion for leave to file an answer instanter together with an answer and a counterclaim. (Doc. Nos. 16, 19). Subsequent to the November 5, 2020 hearing, and following additional exchanges between the parties, the trial court denied the defendants' motion for leave to file an answer instanter and granted OSSI's motion for default judgment on February 9, 2021. (Doc. No. 33). (*See also* Doc. Nos. 26, 27, 29, 31).

{¶8} On February 17, 2021, the trial court entered a final declaratory judgment by default in favor of OSSI declaring that the insurance policy issued by OSSI to the defendants was cancelled effective June 6, 2019. (Doc. No. 34). Furthermore, the trial court declared, as a consequence of the insurance policy's

cancellation, OSSI owes no insurance coverage to the defendants for any claims arising from the June 19, 2019 fire. (*Id.*).

{¶9} The defendants filed their notice of appeal on March 19, 2021 and raise two assignments of error. (Doc. No. 40).

**Assignment of Error No. I**

**The Trial Court Erred and Abused its Discretion by Granting Judgment by Default in Favor of Plaintiff/Appellee and Against Defendants/Appellants When Service of Both the Motion for Default Judgment and the Trial Court's Hearing Was [sic] Improper.**

{¶10} In their first assignment of error, the defendants argue that the trial court abused its discretion by granting OSSI's motion for default judgment. In particular, the defendants contend that the trial court abused its discretion by granting a judgment by default in favor OSSI because it failed to provide notice of its application for judgment to their out-of-state attorney in contravention of Civ.R. 5.

*Standard of Review*

{¶11} "We review a trial court's decision to grant a motion for default judgment under an abuse of discretion standard." *Wells Fargo Bank, N.A. v. Thompson*, 3d Dist. Hancock No. 5-12-20, 2013-Ohio-644, ¶ 8. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "Despite

this deferential standard of review, courts of appeals and trial courts, alike, must be mindful that '[g]enerally, the law disfavors default judgments' and '[t]he general policy in Ohio is to decide cases on their merits whenever possible.'" *U.S. Bank Natl. Assn. v. Maxfield*, 12th Dist. Butler No. CA2015-06-120, 2016-Ohio-3396, ¶ 10, quoting *Baines v. Harwood*, 87 Ohio App.3d 345, 347 (12th Dist.1993).

*Analysis*

{¶12} With respect to the entry of a default judgment, Civ.R. 55(A) provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * * . If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.

"A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading." *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986).

> "A default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or 'confessed' by the omission of statements refuting the plaintiff's claims."

*Id.*, quoting *Resse v. Proppe*, 3 Ohio App.3d 103, 105 (8th Dist.1981). "It is only when the party against whom a claim is sought fails to contest the opposing party's

allegations by either pleading or 'otherwise defend[ing]' that a default arises." *Id.,* quoting *Reese* at 105.

{¶13} Under their first assignment of error, the defendants argue that the trial court abused its discretion by granting OSSI's motion for default judgment because the defendants' out-of-state attorney never received notice of the application for that judgment as required by Civ.R. 55(A). In other words, the defendants contend that granting default judgment in favor of OSSI was improper since OSSI "had knowledge" that the defendants were represented by the out-of-state attorney, which required OSSI to serve the defendants' out-of-state attorney with written notice of the application for judgment under Civ.R. 5(B).

{¶14} "Under Civ.R. 5(B), when a party is represented by an attorney, service must be made upon the attorney." *Ohio Receivables, L.L.C. v. Rivera*, 197 Ohio App.3d 694, 2012-Ohio-216, ¶ 7 (9th Dist.). "'An attorney becomes an attorney of record in the particular proceedings by his subscription of a pleading or paper served and filed in that action.'" *Id.*, quoting *Citibank South Dakota, N.A. v. Wood*, 169 Ohio App.3d 269, 2006-Ohio-5755, ¶ 17 (2d Dist.),

{¶15} Contrary to the defendants' argument, an attorney is not an attorney requiring service under Civ.R. 5(B) simply because he or she represents to opposing counsel that he or she represents a party. *Accord Citibank* at ¶ 18 ("Contrary to Citibank's claim, an attorney is not an attorney of record simply because he or she

previously represented one of the parties in another trial court action. This is true even when the prior representation or prior court action involved the same parties.). *See also Verber v. Wilson*, 10th Dist. Franklin No. 96APF09-1255, 1997 WL 304403, *5 (June 5, 1997) ("An attorney is not an attorney of record for purposes of service * * * simply by virtue of having been served with a copy of the complaint."). Indeed, it remains law in Ohio that, "[u]ntil such time as an attorney enters an appearance in the specific case being tried, Civ.R. 5 requires pleadings to be served on the party who is suing or is being sued." *Citibank* at ¶ 18. *See also Ervin v. Patrons Mut. Ins. Co.*, 20 Ohio St.3d 8 (1985), syllabus. ("For purposes of Civ.R. 5(B), in order that service be effective on a party by serving that party's attorney, the attorney must be an attorney of record in the trial court.").

{¶16} Our review of the record reveals that the defendants' out-of-state attorney did *not* enter an appearance in this case—that is, the defendants' out-of-state attorney did not appear by a subscription of a pleading or paper served and filed in this action—until November 3, 2020. Likewise, the two attorneys licensed in the State of Ohio did not enter an appearance in the case until November 2, 2020. OSSI filed its motion for default judgment on September 18, 2020. Consequently, there was *no* attorney of record representing the defendants at the time OSSI filed its motion for default judgment. Therefore, OSSI was required to serve *only* the defendants with written notice of the application for judgment, and there is no

dispute that OSSI properly served the defendants. *Champion Chrysler Plymouth v. Dimension Serv. Corp.*, S.D.Ohio No. 2:17-CV-130, 2018 WL 1443685, \*4 (Mar. 23, 2018).

{¶17} Accordingly, the trial court did not abuse its discretion by granting OSSI's motion for default judgment. The defendants' first assignment of error is overruled.

## Assignment of Error No. II

**The Trial Court Erred and Abused its Discretion by Denying Defendants'/Appellants' Motion for Leave to File Answer Instanter Due to Excusable Neglect.**

{¶18} Under their second assignment of error, the defendants argue that the trial court abused its discretion by denying their motion for leave to file an answer. Specifically, the defendants contend that the trial court's denial of their motion for leave to file an answer was unreasonable, arbitrary, or unconscionable because their dilatory filing was based on excusable neglect.

*Standard of Review*

{¶19} When "a defendant moves for leave to answer after the date the answer is due, Civ.R. 6(B)(2) permits the trial court to grant the defendant's motion upon a showing of excusable neglect." *Brooks v. Progressive Ins. Co.*, 9th Dist. Summit No. C.A. 16639, 1994 WL 376768, \*2 (July 20, 1994). "A trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will

not be disturbed on appeal absent a showing of an abuse of discretion." *Lester v. Chivington*, 3d Dist. Marion No. 9-15-21, 2015-Ohio-5446, ¶ 17, citing *State ex rel. Lindenschmidt v. Bd. of Commrs. of Butler Cty.*, 72 Ohio St.3d 464, 465 (1995). As we previously stated, an abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

*Analysis*

{¶20} "Although the term 'excusable neglect' is an elusive concept that courts often find difficult to define and to apply, the cases discussing excusable neglect reveal some general principles." *Lester* at ¶ 19, citing *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). "Examples of instances where a court might find excusable neglect include the following: the party had neither knowledge nor notice of the pending legal action; counsel of record suffers from personal or family illness; and counsel of record fails to appear for trial because he has not received notice of a rescheduled trial date." *Id.*, citing *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 13 (1978), *The Bluffs of Wildwood Homeowners' Assn., Inc. v. Dinkel*, 96 Ohio App.3d 278, 281 (12th Dist.1994), and *Columbia Gas of Ohio v. Riley*, 38 Ohio App.3d 151 (10th Dist.1987), paragraph two of the syllabus. "A majority of the cases finding excusable neglect also have found unusual or special circumstances that justified the neglect of the party or attorney." *Id.*, citing *Kay* at 20.

{¶21} "'Neglect is inexcusable, pursuant to Civ.R. 6(B), when a party's inaction can be classified as a "complete disregard for the judicial system."'" *Id.* at ¶ 20, quoting *Reimund v. Reimund*, 3d Dist. Hancock No. 5-04-52, 2005-Ohio-2775, ¶ 16, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 153 (1976). "Likewise, conduct falling 'substantially below what is reasonable under the circumstances' constitutes inexcusable neglect." *Id.*, quoting *GTE* at 152. "Further, if the party could have prevented the circumstances from occurring, neglect will not be considered excusable." *McKinley v. Rhee*, 3d Dist. Allen No. 1-01-168, 2002 WL 596113, *1 (Apr. 17, 2002).

{¶22} When "'determining whether neglect is excusable or inexcusable, this Court must take into consideration the surrounding facts and circumstances, and must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds.'" *Lester* at ¶ 18, quoting *Univ. of Akron v. Mangan*, 9th Dist. Summit No. 24167, 2008-Ohio-4844, ¶ 10, citing *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 271 (1988). "When considering these circumstances and the preference for settling cases on their merits, we are also mindful that 'the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B).'" *Id.*, quoting *Lindenschmidt*, 72 Ohio St.3d at 466.

{¶23} The defendants contend that they demonstrated excusable neglect because their out-of-state attorney was not provided "with notice of [the] default judgment motion while the parties were in negotiations to settle the case." (Appellant's Brief at 14). We conclude, however, that the trial court did not abuse its discretion by determining that the defendants failed to demonstrate excusable neglect. Importantly, the defendants failed to file *any* responsive pleading for nearly five months after being served with process. The defendants filed their motion for leave to file an answer only after OSSI requested default judgment.

{¶24} Based on our resolution of the defendants' first assignment of error, the defendants received proper notice of OSSI's application for judgment. Importantly, the defendants' election not to file a proper responsive pleading in this case constituted a tactical decision to ignore the complaint and not to file an answer made by the defendants' out-of-state attorney rather than excusable neglect. *See Continental Polymer Corp. v. DuBunne French Nail Prod., Inc.*, 6th Dist. Lucas No. C.A. L-87-002, 1987 WL 12152, *1-2 (June 5, 1987). Stated another way, the defendants could have prevented these circumstances from occurring.

{¶25} Moreover, the defendants' contention that they were somehow excused from filing a timely response due to "confusions on filing deadlines" does not constitute excusable neglect. *See id.* at *1 ("Ignorance of Ohio Civil Rules of Practice does not constitute excusable neglect."), citing *United States v. Belanger*,

598 F.Supp. 598, 601 (D.Me.1984) (suggesting that a lawyer's unfamiliarity of a local rule of court does not constitute a unique or extraordinary circumstance constituting excusable neglect). Under the facts presented, we conclude that the trial court did not abuse its discretion by denying the defendants leave to file their untimely answer.

**{¶26}** The defendants' second assignment of error is overruled.

**{¶27}** Having found no error prejudicial to the appellants herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/jlr**