[Cite as *Daniel v. Cuyahoga Cty. Div. of Children & Family Servs.*, 2025-Ohio-5266.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| SHERYCE DANIEL | Case No. 2025-00586PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| CUYAHOGA COUNTY DIVISION OF CHILDREN AND FAMILY SERVICES | |
| Respondent | |

{¶1} In this public-records case, Requester objects to a Special Master's Report and Recommendation. The Court overrules Requester's objections and adopts the Report and Recommendation for reasons discussed below.

## I. Background and Procedural History

{¶2} On June 18, 2025, Requester, a self-represented litigant, filed a Complaint under R.C. 2743.75(D), alleging that she is a former ward of the State of Ohio and that, on November 17, 2024, she submitted a written request asking for access to her case file, "including:

- Placement history
- Medical and psychological records
- School records held by the agency
- Incident reports
- Case plans."

The Clerk appointed a Special Master who referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket. On September 29, 2025, Respondent, through counsel, moved to dismiss Requester's Complaint.

{¶3} On October 7, 2025, the Special Master issued a Report and Recommendation (R&R) in which the Special Master recommends denying, in part, Respondent's motion to dismiss to the extent that the motion is based on Civ.R. 12(B)(6), and granting, in part, Respondent's motion to dismiss as to Requester's claims under R.C. 5153.17. (R&R 2, 3.) The Special Master also recommends dismissing without prejudice Requester's claims premised on R.C. 5153.17 for want of jurisdiction, entering judgment for Respondent on Requester's claim premised on R.C. 149.43(B), denying all of Requester's pending motions, and ordering Requester to pay the costs of this case.[1] (R&R, 4.)

{¶4} On October 14, 2025, Requester filed written objections to the Special Master's Report and Recommendation that were not accompanied by proof of completed service. The Court sua sponte granted leave to Plaintiff to file proof of completed service of her written objections by October 24, 2025. The Court cautioned Requester that, if she failed to file proof of completed service of his filing of October 14, 2025, in the manner required by R.C. 2743.75(F)(2) on or before October 24, 2025, then Requester's filing of October 14, 2025, would not be considered by the Court. According to the docket in this case, the Court's entry of October 14, 2025, was returned to the Court on October 29, 2025, by the United States Postal Service with the following notations: "Return To Sender," "Not Deliverable As Addressed," and "Unable to Forward."

{¶5} On October 28, 2026, Respondent filed a written response to Requester's objections. Respondent admits in the response that it received a copy of Requester's objections, albeit by different means. Because Respondent has fully responded to Requester's objections, there is no prejudice to Respondent if the Court issues a ruling on Requester's objections.

{¶6} Respondent urges that this Court should not consider Requester's objections because Requester did not comply with the service requirements of R.C. 2743.75(F)(2), that the disputed records fall outside the scope of the Ohio Public Records Act, that this Court does not have jurisdiction to enforce R.C. 5153.17, and that Requester's other

---

[1] R.C. 5153.57 governs records of a public children services agency. Subject to exceptions, records kept under R.C. 5153.57 are required to be kept confidential. R.C. 5153.57(B). R.C. 149.43(B) pertains to requests for public records from a public office or person responsible for public records.

motions are procedurally improper and dependent on Requester's erroneous position that Respondent violated the Ohio Public Records Act.

{¶7} Since Requester apparently did not receive a copy of the Court's entry of October 14, 2025, the Court will consider Requester's written objections in view of Respondent's written response opposing Requester's objections. Pursuant to R.C. 2743.75(F)(2), the matter is before the Court for a final order.

## II. Law and Analysis

{¶8} The General Assembly, as the legislative branch of Ohio government, is the ultimate arbiter of policy considerations relevant to Ohio public-records laws. *Kish v. City of Akron*, 2006-Ohio-1244, ¶ 44. Through the enactment of R.C. 2743.75 the General Assembly created an alternative means to resolve public-records disputes. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11. *See* R.C. 2743.75(A).

{¶9} Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.). *See Welsh-Huggins* at ¶ 32. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8. *See Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus ("[c]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established"); *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 19, quoting *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 16 ("[a]lthough the Public Records Act is accorded liberal construction in favor of access to public records, 'the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence'").

{¶10} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-*

*Kelley*, 2008-Ohio-1770, paragraph two of the syllabus.  In *Jones-Kelley*, the Supreme Court of Ohio held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception.  (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 30, followed.)

*Kelley* at paragraph two of the syllabus.

{¶11} Under R.C. 2743.75(F)(2) a party's objections to the Special Master's Report and Recommendation are required to be "specific and state with particularity all grounds for the objection."  Here, Requester presents four objections for the Court's determination:

**I.      Objection to the Finding of Lack of Jurisdiction Over R.C. 5153.17.**

**II.     Objection to Denial of Requester's Motions.**

**III.    Objection to Denial of Claim Under R.C. 149.43(B).**

**IV.     Objection to Recommendation That Requester Bear Costs.**

**1.  Requester's First Objection is not well taken.**

{¶12} The Special Master has recommended dismissing Requester's claims under R.C. 5153.17 without prejudice for lack of jurisdiction.  The Special Master states:

> Although 2743.75 does give the court jurisdiction over claims that a public office has violated R.C. 149.43(B), it does not give it jurisdiction over public records claims based on other statutes. This case is brought pursuant to R.C. 2743.75. [Requester's] claims about [Respondent's] compliance with R.C. 5153.17 are not based on R.C. 149.43(B), but instead seek to enforce R.C. 5153.17.
>
> They are consequently beyond the court's jurisdiction.
>
> I therefore recommend that the court GRANT the September 29, 2025, *Motion to Dismiss*, as to [Requester's] claims under R.C. 5153.17. More specifically, I recommend that the court find that it lacks subject matter

jurisdiction over them and dismiss them without prejudice pursuant to Civ. R. 12(B)(1).

(Footnote omitted.)  (R&R, 2.)

{¶13} Requester challenges the Special Master's finding of lack of jurisdiction over Requester's claims under R.C. 5153.17, asserting:

> The Special Master erred in concluding that the Court lacks subject matter jurisdiction over claims brought pursuant to R.C. 5153.17. This statute mandates that child welfare agencies allow inspection of foster care records under specific conditions. The Ohio Court of Claims, through R.C. 2743.75, is the appropriate venue to enforce access to records held by public offices when no other adequate legal remedy exists. Requester sought access to personal foster care records, which are reasonably within the purview of the Court's declaratory and equitable powers under the statute. Dismissing these claims for want of jurisdiction denies a self-represented litigant the opportunity for redress.

{¶14} The term "jurisdiction" has many meanings.  *See Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11-12.  For example, the term "jurisdiction" refers to a court's statutory or constitutional authority to adjudicate a case.  *Pratts* at ¶ 11.  The term "jurisdiction" also is used when referring to a court's exercise of its jurisdiction over a particular case.  *Pratts* at ¶ 12.  And "'"[t]he third category of jurisdiction [i.e., jurisdiction over the particular case] encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction."'"  *Pratts* at ¶ 12, quoting *State v. Parker*, 2002-Ohio-2833, ¶ 22 (Cook, J., dissenting), quoting *Swiger*, 125 Ohio App.3d 456, 462 (9th Dist. 1998).

{¶15} Recently, in *Martin v. Accel Schools Ohio*, 2025-Ohio-3150 (8th Dist.) (an appeal from a public-records case arising in this Court), the Eighth District Court of Appeals discussed this Court's jurisdiction.  In *Martin* the Eighth District Court of Appeals explained:

> The Court of Claims was created by statute. *State ex rel. DeWine v. Court of Claims of Ohio*, 130 Ohio St. 3d 244, 2011-Ohio-5283, ¶ 19, 957 N.E.2d 280. As such, "the jurisdiction of the Court of Claims is limited by

statute and specifically confined to the powers conferred by the legislature." *Id.* at ¶ 21. The Court of Claims' jurisdiction is defined, in part, in R.C. 2743.03 and provides that

> the court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code and exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims.

Additionally, "[t]he only defendant in original actions in the court of claims is the state." R.C. 2743.02(E). It has been repeatedly found that the Court of Claims lacks subject-matter jurisdiction to hear cases where the defendant was not the state, as defined in R.C. 2743.01(A). *See Cotten v. Court of Common Pleas*, 2018-Ohio-3948 (10th Dist.) (Court of Claims properly dismissed complaint where the defendant was not the State of Ohio, but rather two political subdivisions); *Brown v. State*, 2023-Ohio-1725, ¶ 8 (10th Dist.) (finding that the Court of Claims properly dismissed a complaint against the Ashtabula Court of Commons Pleas, as a political subdivision, and noting that the court of appeals had repeatedly found that the Court of Claims' jurisdiction did not extend to courts of common pleas); *Elkins v. Natl. Labor Relations Bd.*, 1981 Ohio App. LEXIS 10681, *3 (10th Dist. Nov. 19, 1981) (noting that the only defendant in the Court of Claims is the state, and the court had no jurisdiction over a federal agency); *Littleton v. Holmes Siding Contractor, Ltd.*, 2013-Ohio-5602, ¶ 9 (10th Dist.) (where, after trial court denied plaintiff's motion to join the state as a party, the plaintiff tried to have the case removed to the Court of Claims, the Court of Claims properly refused to hear the case because it did not have jurisdiction to hear a case between private parties).

In 2016, the General Assembly enacted R.C. 2743.75, which created a process for public-records access proceedings in the Court of Claims. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.

3d 337, 2020-Ohio-5371, ¶ 9, 170 N.E.3d 768. Prior to the enactment of R.C. 2743.75, the remedy to compel compliance with the Public Records Act was an action in mandamus. *Id.* at ¶ 11. Afterward,

> [a] person allegedly aggrieved by a denial of access to public records in violation of R.C. 149.43(B) may now file either a mandamus complaint pursuant to R.C. 149.43(C)(1)(b) or a public-records-access complaint in the Court of Claims pursuant to R.C. 2743.75. The person cannot pursue both remedies.

*Id.* at ¶ 12.

That same year the General Assembly enacted R.C. 2743.03(A)(3)(b) which provides:

> In addition to its exclusive, original jurisdiction as conferred by divisions (A)(1) and (2) of this section, the court of claims has exclusive, original jurisdiction as follows:

> (b) Under section 2743.75 of the Revised Code to hear complaints alleging a denial of access to public records in violation of division (B) of section 149.43 of the Revised Code, regardless of whether the public office or person responsible for public records is an office or employee of the state or of a political subdivision.

*Martin* at ¶ 16-18 (8th Dist.). (Footnote omitted.)

{¶16} A review of R.C. 2743.03 and 2743.75 discloses that neither statute confers subject-matter jurisdiction upon this Court to adjudicate claims seeking to enforce provisions contained in R.C. 5153.17 against a county division of children and family services. *See* R.C. 2743.03 and 2743.75; *see also* R.C. 5153.17.[2] *Accord Bailey v. Ohio*

---

[2]     Pursuant to R.C. 5153.17,

(B) Records under [R.C. 5153.17(A)] shall be confidential, but, except as provided by [R.C. 3107.17(B)], shall be open to inspection by the following:

(1) The agency, the director of children and youth, and the director of the county department of job and family services, and by other persons upon the written permission of the executive director;

*Dept. of Dev. Disabilities*, 2024-Ohio-1696, ¶ 14 (10th Dist.) (noting that county agencies generally are not instrumentalities of the state so as to subject them to the jurisdiction of the Court of Claims). The Court finds that the Special Master's determination that this Court lacks subject-matter jurisdiction to enforce claims under R.C. 5153.17 is well supported by Ohio law.

{¶17} The Court also finds that Requester's contentions that a dismissal of her claims for want of jurisdiction denies an opportunity for redress and that "no other adequate legal remedy exists" are not well supported, because, under Ohio law, another avenue is available to seek redress of a denial of access to public records. *See* R.C. 2743.75(A) ("except for a court that hears a mandamus action pursuant to [R.C. 149.43(B)], upon the expiration of the three-day period in which a public office or person responsible for public records may cure or address an alleged violation pursuant to [149.43(C)(1)], the court of claims shall be the sole and exclusive authority in this state that adjudicates or resolves complaints based on alleged violations of that section").

{¶18} Requester's first objection is OVERRULED.

**2. Requester's Second Objection is not well taken.**

{¶19} The Special Master has recommended denying all of Requester's pending motions, stating:

> [Requester] has filed several motions. *Request for Full Foster Care Records*, filed September 17, 2025; *Motion to Compel Remote Access to Foster Care Records*, filed September 19, 2025; *Legal Reply & Request for Relief*, filed September 19, 2025; *Request For Sanctions And Additional*

---

(2) Upon request to an agency and subject to [R.C. 5153.17(C)], an adult who was formerly placed in foster care.

(C)

(1) With regard to an adult under [R.C. 5153.17(B)(2)], records subject to inspection include those pertaining to the adult's time placed in foster care. Records may include medical, mental health, school, and legal records and a comprehensive summary of reasons why the adult was placed in foster care.

(2) The executive director or the director's designee may redact information that is specific to other individuals if that information does not directly pertain to the requesting adult's records that are subject to inspection under [R.C. 5153.17(C)(1)] or the comprehensive summary of reasons why the adult was placed in foster care.

*Relief*, filed October 1, 2025. None have proof of service as required by Civ. R. 5(B)(4) and consequently may not be bases for relief. Further, they are all based upon the premise that [Respondent] has violated R.C. 5153.17 and R.C. 149.43. The court lacks jurisdiction to address alleged violations of R.C. 5153.17 and [Respondent] has not violated R.C. 149.43, as just discussed [in the Report and Recommendation].

(R&R, 4.)

{¶20} Requester's second objection challenges the Special Master's recommendation to deny all of Requester's pending motions. Requester states,

> The recommendation to deny all motions based on alleged procedural deficiencies, including lack of proper service under Civ. R. 5(B)(4), is overly formalistic and prejudicial against a pro se litigant. The motions—including Request for Full Foster Care Records, Motion to Compel, and Request for Sanctions—were all filed in good faith and reflect genuine attempts to assert legal rights. Requester respectfully asks the Court to consider the merits of these motions rather than dismissing them on technical grounds, especially given the sensitive nature of the requested records.

{¶21} Requester's second objection fails to persuade. Under Ohio law self-represented litigants are required to follow the same rules and procedures as attorneys. *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10; *CitiMortgage, Inc. v. Bumphus*, 2011-Ohio-4858, ¶ 31 (6th Dist.); *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001). Notably, the Tenth District Court of Appeals has rejected the proposition that a self-represented litigant should not be held to the same standard of an attorney. *Justice v. Lutheran Social Servs.*, 1993 Ohio App. LEXIS 2029, at *6 (10th Dist. Apr. 8, 1993). In *Justice* the Tenth District Court of Appeals stated,

> [W]e do not accept the proposition that appellant, as a pro se litigant, is not to be held to the same standard of an attorney. While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to

court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.

*Id.*

{¶22} Rule 5(A) of the Ohio Rules of Civil Procedure generally requires service of every pleading and similar paper subsequent to an original complaint. *See* Civ.R. 5(A); *Bozsik v. West*, 2017-Ohio-7781, ¶ 9 (9th Dist.).[3] Service of documents filed with this Court is therefore consistent with the Ohio Rules of Civil Procedure. *See* R.C. 2743.03(D) (Ohio Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with [R.C. Chapter 2743]"). Under Civ.R. 5(B)(4), documents filed with the court "shall not be considered until proof of service is endorsed thereon or separately filed."

{¶23} Requester's argument that requiring a self-represented litigant to properly serve a document in accordance with statutory requirements or a rule of court "is overly formalistic" and "prejudicial against a pro se litigant" is unconvincing. Requester's second objection is OVERRULED.

### 3. Requester's Third Objection is not well taken.

---

[3]    In *Bozsik v. West*, 2017-Ohio-7781, ¶ 9 (9th Dist.), the Ninth District Court of Appeals stated:

> Civ.R. 5(A), by its plain language, requires that "every order required by its terms to be served, every pleading subsequent to the original complaint * * *, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties." Civ.R. 5(A); *see also Pla v. Wivell*, 9th Dist. Summit No. 25814, 2011-Ohio-5637, ¶ 14. "The served document shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11. Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." Civ.R. 5(B)(4) (equivalent to former Civ.R. 5(B)(3), which was applicable at the time of the trial court proceedings). "This Court has recognized that the language of the Civil Rules regarding service of process is mandatory, and, even in the context of a pro se litigant, a trial court may not consider a [document] if the [document] failed to comply with the rules regarding service of process." *Pla* at ¶ 14; *see also Ohio Receivables, L.L.C. v. Rivera*, 197 Ohio App. 3d 694, 2012-Ohio-216, ¶ 8, 968 N.E.2d 589; *First Resolution Invest. Corp. v. Salem*, 9th Dist. Summit No. 24049, 2008-Ohio-2527, ¶ 8.

{¶24} The Special Master has recommended denying Requester's R.C. 149.43(B) claim. The Special Master states,

R.C. 149.43(B) only requires a public office to produce "public records." The office has no obligation to produce materials that are not public records. R.C. 149.43(A)(1)(v) takes records the release of which is prohibited by law out of the class of public records. Controlling precedent establishes that records within the scope of R.C. 5153.17 are exempted from the class of public records by R.C. 149.43(A)(1)(v). *State ex rel. Baker v. Treglia*, 2025-Ohio-2816, ¶ 24; *State ex rel. Edinger v. C.C.D.C.F.S.*, 2005-Ohio-5453, ¶ 7 (8th Dist.). [Requester's] R.C. 149.43(B) claim therefore fails if the records she seeks are within the scope of R.C. 5153.17.

They are. R.C. 5153.17 covers records related to "(1) Investigations of families, children, and foster homes" and "(2) The care, training, and treatment afforded to children." [Requester] has not disputed that the records she seeks fall within those categories, and has sought affirmative relief under R.C. 5153.17. Further, a review of the responsive records filed for in camera review reveals that they do in fact pertain to those things. That is obvious and apparent from the records themselves. *Welsh- Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 35. CFS' [sic] consequently has no R.C. 149.43 obligation to produce them.

I therefore recommend that the court enter judgment for respondent on [Requester's] R.C. 149.43(B) Claim.

(R&R, 3-4.)

Requester challenges the Special Master's recommendation, asserting:

The recommendation concludes that the documents requested are not public records due to their classification under R.C. 5153.17. However, R.C. 149.43(B) supports public access to certain records unless expressly exempted. The requested records pertain to the Requester's own life and care and should not be considered categorically exempt. Any exemption must be narrowly construed. The decision to exempt entire categories of

responsive records without thorough in-camera analysis is legally insufficient.

Requester's third objection is unpersuasive for several reasons.

{¶25} First, according to the Report and Recommendation, the Special Master conducted an in-camera review. *See* Report and Recommendation at 3-4.

{¶26} Second, "[r]ecords the release of which is prohibited by state or federal law" are excepted from the definition of "public records" under the Ohio Public Records Act. R.C. 149.43(A)(1)(v). Subject to exceptions, records kept under R.C. 5153.57 (records of public children services agency) are required to be kept confidential. R.C. 5153.17(B). In *State ex rel. Baker v. Treglia*, 2025-Ohio-2816, ¶ 24, the Supreme Court of Ohio noted, "It is clear from [a report written by an intake investigator for the Allen County Children Services Board] that the report concerns a child and that it is a record of Allen County Children Services; the report is thus encompassed within R.C. 5153.17(A). Accordingly, the report is confidential under R.C. 5153.17(B), and under R.C. 149.43(A)(1)(v), it is not a public record." The reasoning of *Treglia* applies with equal force in this instance and supports the Special Master's determination that records under R.C. 5153.17, which Requester seeks, are not public records.

{¶27} Based on the Court's independent review, Requester has not sustained her burden to prove, by clear and convincing evidence, that the records under R.C. 5153.17 sought by Requester are public records. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8; *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.). *Accord State ex rel. Edinger v. C.C.D.C.F.S.*, 2005-Ohio-5453, ¶ 7 (8th Dist.) ("Because the records maintained by the County with regard to the Edingers' foster care are not public records pursuant to R.C. 149.43(A)(1)(v) and R.C. 5153.17, the Edingers have failed to establish that they possess a legal right to inspect the foster care records or that the County possesses a legal duty which would allow inspection of the Edingers' foster care records").

{¶28} Requester's third objection is OVERRULED.

**4. Requester's Fourth Objection is not well taken.**

{¶29} In Requester's fourth objection, Requester objects to the recommendation that Requester should bear the costs of the case. Requester states, "As a self-

represented individual pursuing personal and sensitive records regarding time spent in foster care, [Requester] acted in good faith and in the public interest. Courts have discretion to waive or reallocate costs where justice and equity demand. Penalizing a survivor of foster care for seeking access to her own records undermines public confidence in the accountability of child welfare agencies."

{¶30} Requester's challenge to the Special Master's Recommendation for the assessment of costs against Requester is unpersuasive. More than fifty years ago, in *Strattman v. Studt*, 20 Ohio St.2d 95, 103 (1969), the Ohio Supreme Court explained, "By being involved in court proceedings, any litigant, by implied contract, becomes liable for the payment of court costs if taxed as a part of the court's judgment." *See Studt* at paragraph six of the syllabus (holding that the "duty to pay court costs is a civil obligation arising from an implied contract"). Here, Requester sought relief in this forum and, consequently, Requester became liable for payment of court costs by implied contract. Requester's contention that the Special Master erred by recommending that court costs should be assessed to Requester is unpersuasive as the Special Master's recommendation is firmly based on the ordinary application of statutory law and case law as they existed at the time of the filing of Requester's Complaint. *See* R.C. 2743.75(F)(1) (requiring a special master to submit a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of a complaint).

{¶31} Requester's fourth objection is OVERRULED.

### III.    Disposition

{¶32} For reasons set forth above, the Court OVERRULES Requester's Objections and ADOPTS the Special Master's Report and Recommendation, excepting the Special Master's recommendation for dismissal without prejudice of certain claims asserted by Requester that are premised on R.C. 5153.17. In accordance with the Special Master's recommendations, the Court DENIES, in part, and GRANTS, in part, Respondent's motion to dismiss filed on September 29, 2025. The Court finds that it lacks subject-matter jurisdiction to adjudicate Requester's claims premised on alleged violations of R.C. 5153.17. The Court therefore renders no judgment on those claims of Requester that ask the Court to enforce R.C. 5153.17 or that ask the Court to find that Respondent violated

R.C. 5153.17. *See Turner v. Ohio Dept. of Rehab. & Correction*, 2008-Ohio-6608, ¶ 9 (10th Dist.) ("[i]t is axiomatic that a tribunal must have subject matter  jurisdiction before it can consider the merits of a controversy"). Court costs are assessed against Requester. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

 

LISA L. SADLER
Judge

**Filed October 31, 2025**
**Sent to S.C. Reporter 11/24/25**